Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy L. Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTONIO GATTA**, | ) |
| | ) **Case No.:** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND DEMAND** |
| **OCWEN LOAN SERVICING, LLC,** | ) **FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

### COMPLAINT

ANTONIO GATTA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against OCWEN LOAN SERVICING, LLC ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant conducts business in the State of New Jersey and as such, personal jurisdiction is established.

1

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Turnersville, New Jersey 08012.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a corporation that has its headquarters located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     Plaintiff has a cellular telephone that he has had for at least three years.

11.     Plaintiff has solely used this phone as a cellular telephone.

12.     By way of background, Defendant began to call Plaintiff repeatedly each day beginning in or about early 2015 and continuing through March 2018.

13.     During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.     Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as Defendant's calls began with a pause or delay prior to connecting to one of Defendant's live agents.

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     Desiring to stop these repeated calls, Plaintiff spoke to Defendant shortly after calls began in or around early 2015 and told Defendant to stop calling him.

2

PLAINTIFF'S COMPLAINT

17.     This was Plaintiff's way of revoking all prior consent, if any existed, for Defendant to call his cellular telephone.

18.     Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19.     Much to Plaintiff's consternation and dismay, Defendant persisted in calling Plaintiff despite his repeated demands to stop calling his cellular telephone, and specifically placed calls between October 6, 2017 and March 2018.

20.     Defendant's calls were frustrating, harassing, intrusive and distressing to Plaintiff throughout this time period.

21.      Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages between October 6, 2017 and March 2018.

24.     Defendant's calls to Plaintiff were not made for "emergency purposes."

25.     Defendant's calls to Plaintiff after he revoked consent were not made with Plaintiff's prior express consent.

3

PLAINTIFF'S COMPLAINT

26.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTONIO GATTA, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.     Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.     Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANTONIO GATTA, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: 12/21/2020

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: teamkimmel@creditlaw.com

5

PLAINTIFF'S COMPLAINT